In the Matter of the Estate of CLORINDA, MERETO, Deceased.

Surrogate's Court, New York County. July 8, 1942.

*Joseph A. Cox*, for James F. Egan, Public Administrator of the County of New York, petitioner.

*Shearman & Sterling* [*P. J. Growney* of counsel], for the National City Safe Deposit Co., respondent.

FOLEY, S. This is a discovery proceeding by the public administrator to recover from a safe deposit company specified articles of jewelry contained in a safe deposit box maintained by the decedent with the respondent. The decedent died a resident of New York city on January 11, 1941 at which time the public administrator of the county of New York, by virtue of his office, assumed administration of her estate without formal application for letters of administration. The respondent safe deposit company questions the right of the public administrator to obtain the relief sought without first receiving formal letters of administration from this court.

The powers and duties of the public administrator of the counties within the city of New York are now to be found in the new article VIII-A of the Surrogate's Court Act enacted by chapter 453 of the Laws of 1940 effective April 13, 1940. This new article of the Surrogate's Court Act was recommended by the executive committee of the surrogates' association of the State of New York. In the explanatory note to the bill it was pointed out that the public administrators of the city of New York have special problems and the purpose of the bill was to clarify their existing duties and to make the authority of the respective public administrators adequate to the needs of their administrative problems. There was, therefore, incorporated into the new article the following provisions: " § 136-r. * * * Without issuance of formal letters of administration the public administrator in virtue of his office shall have power to administer any estate the gross assets of which do not exceed in value five hundred dollars."

" § 136-z. * * * (1) To administer in a suitable case without grant of letters by the surrogate any estate the assets of which do not exceed in value five hundred dollars; * * *

" (3) To institute discovery or any other proceedings pursuant to the surrogate's court act."

The authority of the public administrator to discover property pursuant to these provisions without first obtaining letters of

administration was recently upheld by Surrogate DELEHANTY in *Matter of Brennan* (N. Y. L. J., March 4, 1942, p. 948). The purpose of the sections in granting such authority to the public administrators in the case of small estates is highly desirable in the administration of estates in the metropolitan area and tends towards economy. There have been administered in this county alone during the past two years by the public administrator approximately 300 estates in which no formal letters of administration were issued. In all of these cases the city of New York was saved the expense that a formal administration thereof would have entailed, and the estates and the beneficiaries thereof were relieved of additional expense.

These sections added to the Surrogate's Court Act are by no means new. The amount of the estate which may be taken over without formal proceedings has been increased. In New York county a similar provision extending to estates lesser in size was granted by statute for a period of over one hundred years. (2 Revised Statutes 1829, Part II, Chap. VI, Title VI, Art. 1.) Over this long period of years, the power and authority of the public administrator to act has never been questioned and no officially reported decision has been found which has dealt with any such dispute.

It is only where the assets are less than $500 that the public administrator acts without first obtaining letters of administration. If the assets exceed that sum, the public administrator must proceed in the usual manner and obtain formal letters. In the present case the jewelry in question, which is the only asset of the estate, was appraised by a representative of the State Tax Commission on the opening of the safe deposit box at the sum of $260. The right, therefore, of the public administrator to administer this estate pursuant to the provisions of article VIII-A of the Surrogate's Court Act is clearly demonstrated. The respondent is directed to turn over to the public administrator the contents of the safe deposit box. His receipt will be a sufficient acquittance to the respondent.

If a release or license from a Federal governmental agency pursuant to executive order is necessary by reason of the fact that the only known distributee of the decedent is a resident of Italy, the public administrator is directed to obtain such release or license.

Submit decree on notice accordingly.